**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ROSETTA YOUNG, | ) | FILED: OCTOBER 23, 2008 |
| | ) | 08CV6076 |
| Plaintiff, | ) | JUDGE MANNING |
| | ) | MAGISTRATE JUDGE MASON |
| v. | ) Case No: | CH |
| | ) | |
| Chicago Police Officer T. L. STOTTS, | ) | COMPLAINT FOR VIOLATION OF |
| Star #10792, Chicago Police Officer | ) | CIVIL RIGHTS AND STATE |
| K. E. KUSINSKI, Star # 8626, | ) | SUPPLEMENTAL CLAIMS |
| Chicago Police Officer K. HERRERA, | ) | |
| Star # 13680, Chicago Police Officer | ) | |
| CARTER, Star #5732, Chicago Police | ) | |
| Officer ECHEVARRIA, Chicago Police | ) | |
| Sergeant BATES, and the CITY | ) | |
| OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | **JURY DEMANDED** |

**JURISDICTION AND VENUE**

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983]. This Court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**PARTIES**

3. At all times herein mentioned, Plaintiff Rosetta Young ("Plaintiff") was and now is a citizen of the United States, and resides within the jurisdiction of this court.

4. At all times herein mentioned, Defendant Chicago Police Officer T. L. Stotts, Star No. 10792 ("Stotts"), was employed by the City of Chicago Police Department and was acting

under the color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in his individual/personal capacity.

5. At all times herein mentioned, Defendant Chicago Police Officer K.E. Kusinski, Star No. 8626 ("Kusinski"), was employed by the City of Chicago Police Department and was acting under the color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in his individual/personal capacity.

6. At all times herein mentioned, Defendant Chicago Police Officer K. Herrera, Star No. 13680 ("Herrera"), was employed by the City of Chicago Police Department and was acting under the color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in his individual/personal capacity.

7. At all times herein mentioned, Defendant Chicago Police Officer Carter, Star No. 5732 ("Carter"), was employed by the City of Chicago Police Department and was acting under the color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in his individual/personal capacity.

8. At all times herein mentioned, Defendant Chicago Police Officer Echevarria, ("Echevarria"), was employed by the City of Chicago Police Department and was acting under the color of state law and as the employee, agent, or representative of the City of Chicago Police Department. On or about November 28, 2007, this Defendant was working in Unit 189, the Organized Crime Division, Narcotics Section. This Defendant is being sued in his individual/personal capacity.

9. At all times herein mentioned, Defendant Chicago Police Sergeant Bates, ("Bates"), was employed by the City of Chicago Police Department and was acting under the color of state law and as the employee, agent, or representative of the City of Chicago Police

Department. On or about November 28, 2007, this Defendant was working in Unit 189, the Organized Crime Division, Narcotics Section. This Defendant is being sued in his individual/personal capacity.

10. At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the City of Chicago Police Department.

## **FACTUAL ALLEGATIONS**

11. On or about November 28, 2007, Plaintiff was at her residence, a boarding house, located at 6324 South Morgan Street, Chicago, Illinois.

12. On that date and at that location, Defendants, and each of them, entered Plaintiff's residence.

13. Defendants entered without the proper knock-notice requirement.

14. Defendants did not have a search warrant for the premises.

15. Plaintiff did not give consent for Defendants to enter the residence.

16. No individual inside of the residence gave consent for Defendants to enter the residence.

17. Defendants entered Plaintiff's residence without legal cause.

18. Defendants searched Plaintiff's residence.

19. There was no legal cause to conduct a search.

20. While unlawfully searching the residence, Defendants, and each of them, unreasonably and unnecessarily searched in a destructive manner, and in fact damaged and destroyed various items of personal property of Plaintiff.

21. Further, while unlawfully searching the residence, Defendant, and each of them stole several pieces of property, which were never returned to Plaintiff.

22. While conducting the unlawful search of the residence, Defendants did not find any evidence of illegal activity within any areas of the residence under the control of Plaintiff.

23. Defendants seized Plaintiff's person and placed her under arrest.

24. Plaintiff did not consent to being seized.

25. There was no legal cause to arrest Plaintiff.

26. Plaintiff was then transported to the police station where she was imprisoned.

27. On or about November 28, 2007, Defendants caused false criminal charges to be brought against Plaintiff for possession of heroin and possession of cocaine.

28. Plaintiff remained imprisoned for approximately 5 months.

29. On or about April 25, 2008, the charges terminated in Plaintiff's favor.

30. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries including, but not limited to, humiliation and indignities, property damage, and suffered great physical, mental, and emotional pain and suffering all to her damage in an amount to be ascertained.

31. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

32. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute, and render legal assistance to her in the within action so that she might vindicate the loss and impairment of her rights. By reason

thereof, Plaintiff requests payment by Defendants, and each of them, of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act, or any other provision set by law.

## COUNT I
## PLAINTIFF AGAINST INDIVIDUAL DEFENDANTS FOR UNLAWFUL SEARCH OF PLAINTIFF'S RESIDENCE

33. Plaintiff hereby incorporates and realleges paragraphs one (1) through thirty-two (32) hereat as though fully set forth at this place.

34. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges, and immunities secured to her by the Fourth and/or Fourteenth Amendments to the Constitution of the United States and the laws enacted thereunder.

35. Defendants entered Plaintiff's residence without the proper knock-notice requirement and searched Plaintiff's residence without a proper search warrant and without Plaintiff's consent, unreasonably, and without cause to believe that Plaintiff had committed any crime. Therefore, the Individual Defendants are liable for unlawful search under 42 U.S.C. § 1983.

## COUNT II
## PLAINTIFF AGAINST INDIVIDUAL DEFENDANTS FOR FALSE ARREST

36. Plaintiff hereby incorporates and realleges paragraphs one (1) through thirty-two (32) hereat as though fully set forth at this place.

37. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges, and immunities secured to her by the Fourth Amendment to the Constitution of the United States and the laws enacted thereunder.

38. The arrest of Plaintiff was caused by Defendants without probable cause and was unreasonable. Therefore, the Individual Defendants are liable for this arrest under 42 U.S.C. § 1983.

## COUNT III

**PLAINTIFF AGAINST INDIVIDUAL DEFENDANTS FOR UNREASONABLE SEIZURE OF PROPERTY**

39. Plaintiff hereby incorporates and realleges paragraphs one (1) through thirty-two (32) hereat as though fully set forth at this place.

40. By reason of the conduct of Defendants, Plaintiff was deprived of rights, privileges and immunities secured to her by the Fourth, Fifth, and/or Fourteenth Amendments to the United States Constitution and the laws enacted thereunder.

41. Defendants seized Plaintiff's property without Plaintiff's consent, unreasonably, and without cause to believe that Plaintiff had committed any crime. Therefore, the Individual Defendants are liable for an unlawful search, seizure, and/or due process violations under 42 U.S.C. § 1983.

## COUNT IV
**PLAINTIFF AGAINST ALL DEFENDANTS FOR THE STATE SUPPLEMENTAL CLAIM OF MALICIOUS PROSECUTION**

42. Plaintiff hereby incorporates and realleges paragraphs one (1) through thirty-two (32) hereat as though fully set forth at this place.

43. Defendants caused criminal charges for possession of heroin and possession of cocaine to be brought against Plaintiff.

44. Defendants, employed by the City of Chicago, maliciously commenced and caused to be continued a proceeding against Plaintiff without probable cause. As a result,

Plaintiff was injured emotionally, financially, and otherwise from the loss of certain constitutionally protected liberty and related rights.

45. Defendants facilitated this malicious prosecution by the creation of a false criminal complaint, false evidence, and/or by giving false police reports.

46. The criminal proceedings against Plaintiff terminated in her favor.

47. The City of Chicago is liable to Plaintiff for the acts of Defendants pursuant to the doctrine of *respondeat superior*.

48. Therefore, the Individual Defendants and the City of Chicago are liable under the state supplemental claim of malicious prosecution.

## COUNT V
## PLAINTIFF AGAINST ALL DEFENDANTS FOR
## THE STATE SUPPLEMENTAL CLAIMS OF TRESPASS, CONVERSION, AND WILLFUL AND WANTON CONDUCT

49. Plaintiff hereby incorporates and realleges paragraphs one (1) through thirty-two (32) hereat as though fully set forth at this place.

50. Defendants acted intentionally, and willfully and wantonly in committing the following acts:

    a. trespassing into Plaintiff's resident; and

    b. interfering with Plaintiff's immediate possession of her property, a conversion, without consent.

51. This was done without legal cause.

52. As a result of the foregoing, Plaintiff was injured as set forth above.

53. The City of Chicago, pursuant to the principle of *respondeat superior*, is responsible for the wrongful conduct of its police officers as alleged above.

## COUNT VI
## PLAINTIFF AGAINST ALL DEFENDANTS FOR
## THE STATE SUPPLEMENTAL CLAIM OF FALSE IMPRISONMENT

54. Plaintiff hereby incorporates and realleges paragraphs one (1) through thirty-two (32) hereat as though fully set forth at this place.

55. Defendants, in their capacity as Chicago Police officers, caused Plaintiff to be incarcerated from on or about November 28, 2007 through on or about April 25, 2008. Defendants did not have any legal basis for incarcerating Plaintiff during this time period.

56. The incarceration of Plaintiff was an unreasonable restraint of Plaintiff's liberty against her will. This continued incarceration was willful and wanton and done with deliberate indifference to the lack of evidence against Plaintiff and/or the illegal arrest, search, and detention of Plaintiff.

57. On the basis of this false imprisonment, Plaintiff was injured emotionally and otherwise from the loss of her liberty.

58. The City of Chicago is liable to Plaintiff for the acts of the individual Defendants, pursuant to the doctrine of *respondeat superior*.

59. Therefore, Defendants are liable to Plaintiff under the state supplemental claim of false imprisonment

WHEREFORE, the Plaintiff, Rosetta Young, by and through her attorneys, Ed Fox & Associates, requests judgment as follows against the Defendants, and each of them on all claims:

1. That Defendants be required to pay Plaintiff general damages, including emotional distress, in a sum to be ascertained;

2. That Defendants be required to pay Plaintiff special damages;

- 9 -

3. That Defendants, except the City of Chicago, be required to pay Plaintiff attorney's fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal access to Justice Act, or any other applicable provision;

4. That Defendants, except the City of Chicago, be required to pay Plaintiff punitive and exemplary damages in a sum to be ascertained;

5. That Defendants be required to pay Plaintiff costs of the suit herein incurred; and

6. That Plaintiff has such other and further relief as this Court may deem proper.

Respectfully Submitted,

s/Meghan A. Gonnissen
Meghan A. Gonnissen
Ed Fox & Associates
300 West Adams, Suite 330
Chicago, IL 60606
(312) 345-8877
mgonnissen@efox-law.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

 s/<u>Meghan A. Gonnissen</u>
Meghan A. Gonnissen
Ed Fox & Associates
300 West Adams, Suite 330
Chicago, IL 60606
(312) 345-8877
mgonnissen@efox-law.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**